IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Bankruptcy No. 11-20954-CMB |
| ROBERT A. ONG and DONNA L. ONG, | Chapter 7 |
| | Document No. 33 |
| Debtors. | |
| CHARLES O. ZEBLEY, JR., | |
| Trustee/Objector, | |
| v. | |
| FIRST HORIZON HOME LOANS, | |
| Respondent. | |

**MEMORANDUM OPINION**

The matter before the Court is the Trustee's Objection to Proof of Claim 6 ("Objection").[1] For the reasons stated herein, the Objection is overruled. First Horizon Home Loan's proof of claim will be treated as timely filed for purposes of 11 U.S.C. §726(a)(2).

**I.**

The Debtors filed for relief under Chapter 7 of the Bankruptcy Code on February 23, 2011. On May 18, 2011, the Chapter 7 Trustee commenced two adversary proceedings (Adv. Nos. 11-2266 and 11-2267) to avoid an unrecorded mortgage of First Horizon Home Loans

---

[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core matter pursuant to 28 U.S.C. §157(b)(2)(B). The Court issues this Memorandum Opinion and enters the accompanying Order of Court as a final judgment. However, if the United States District Court determines pursuant to the rationale set forth in *Stern v. Marshall*, 131 S.Ct. 2594 (2011), that this Court does not have the authority to enter final judgment in this action, then this Memorandum Opinion shall constitute this Court's recommendation to the District Court.

("Respondent") on real property owned by Debtors and to avoid as preferential transfers several payments by Debtors to Respondent totaling $2,966.16. Specifically, the Chapter 7 Trustee sought to avoid the mortgage pursuant to §544(a)(3) on the basis that it was not properly recorded as of the date of the bankruptcy petition. Respondent failed to produce evidence that the mortgage was properly recorded at the time of the bankruptcy filing. On January 23, 2012, summary judgment was granted in favor of the Trustee in both adversary proceedings. In the preference action, judgment was entered in favor of the Trustee and against the Respondent in the amount of $2,966.16.

Thereafter, on February 7, 2012, the Respondent filed a proof of claim listing an unsecured claim in the amount of $103,428.01 relating to the unrecorded mortgage. On February 13, 2012, the Trustee filed his Objection. The Trustee argued that Respondent failed to pay the judgment obtained by the Trustee in the preference action and thus the Court must disallow the claim pursuant to §502(d). As Respondent has now paid the $2,966.16 judgment, there is no need to address the Trustee's argument as to that point. The Trustee further contended that, as the claims bar date for general unsecured creditors was August 15, 2011, Respondent's claim was tardily filed and should receive distribution pursuant to 11 U.S.C. §726(a)(3) as opposed to 11 U.S.C. §726(a)(2).

Respondent contends that, as of the general bar date for unsecured claims, it did not have an unsecured claim but rather possessed a secured claim until the January 23, 2012 Order granted summary judgment in favor of the Trustee in Adv. No. 11-2266. According to Respondent, it could not file a proof of claim for a non-existent unsecured claim.

Upon consideration of the Objection, response thereto, and argument at the March 20, 2012 hearing, the matter is ripe for decision.

2

## II.

The issue in this proceeding is whether Respondent's proof of claim was timely filed for purposes of distribution pursuant to 11 U.S.C. §726. The subsections at issue are §726(a)(2) and (a)(3), which provide as follows:

> (a) Except as provided in section 510 of this title, property of the estate shall be distributed—
> . . . .
> (2) second, in payment of any allowed unsecured claim, other than a claim of a kind specified in paragraph (1), (3), or (4) of this subsection, proof of which is--
>     (A) timely filed under section 501(a) of this title;
>     (B) timely filed under section 501(b) or 501(c) of this title; or
>     (C) tardily filed under section 501(a) of this title, if--
>         (i) the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of such claim under section 501(a) of this title; and
>         (ii) proof of such claim is filed in time to permit payment of such claim;
> (3) third, in payment of any allowed unsecured claim proof of which is tardily filed under section 501(a) of this title other than a claim of the kind specified in paragraph (2)(C) of this subsection[.]

Thus, determination of this matter turns on whether Respondent's proof of claim was timely filed or tardily filed as stated in §726.

The time for filing a proof of claim is governed by Fed.R.Bankr.P. 3002(c). The subsections of Rule 3002(c) set forth certain exceptions for proofs of claims which would otherwise be deemed untimely. Of significance in this case is Fed.R.Bankr.P. 3002(c)(3), which provides as follows:

> An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

3

"The 1983 Advisory Committee Note indicates that Rule 3002(c)(3) is intended to permit a creditor originally secured whose security interest is avoided to file an unsecured proof of claim. This is consistent with the rule that a secured creditor generally need not file a proof of claim." *See* Collier on Bankruptcy P 3002.03[4] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). The Court finds that this exception applies to these facts.

In this case, the claims bar date for general unsecured creditors was August 15, 2011. However, it was not until January 23, 2012 that summary judgment was granted in favor of the Trustee on his Complaint to avoid the unrecorded mortgage of Respondent. Thus, prior to the date summary judgment was granted, Respondent was proceeding in this bankruptcy case as a secured creditor. Although pursuant to Fed.R.Bankr.P. 3002(a) filing of a proof of claim by an unsecured creditor is mandatory in order for the claim to be allowed, "most courts have concluded that secured creditors in chapter 7, 12 and 13 cases (all governed by Rule 3002) may, but need not, file a proof of claim." *See In re Oscar*, No. 04-18900F, 2005 Bankr. LEXIS 3345, *6-7 (Bankr. E.D. Pa. April 14, 2005). Secured creditors may choose not to participate in the bankruptcy case and look to their liens, which generally pass through the bankruptcy case unaffected. *See id.* at *7-8. However, if a lien is avoided and the formerly secured creditor wishes to participate in the bankruptcy case as an unsecured creditor, a proof of claim must be filed no later than thirty days after the order avoiding the lien becomes final. *See PCFS Financial v. Spragin* (*In re Nowak*), No. 07-8037, 2008 Bankr. LEXIS 1234, *9 (B.A.P. 6th Cir. May 1, 2008). As of the January 23, 2012 Order, Respondent became an unsecured creditor as a result of the avoided mortgage. Shortly thereafter, on February 7, 2012, the Respondent filed a proof of claim listing an unsecured claim in the amount of $103,428.01 related to the unrecorded

4

mortgage. Since this is well within the thirty day time limit set forth in Fed.R.Bankr.P. 3002(c)(3), this Court finds the filing to be timely. Therefore, the claim is entitled to treatment pursuant to §726(a)(2).

### III.

For the foregoing reasons, the Objection is overruled. Respondent's proof of claim is allowed as timely filed pursuant to Fed.R.Bankr.P. 3002(c)(3) and shall be treated as such for purposes of 11 U.S.C. §726(a)(2). An appropriate order will be entered.

Date:   April 23, 2012               /s/ Carlota M. Böhm
                                                     Carlota M. Böhm
                                                     United States Bankruptcy Judge

**CASE ADMINISTRATOR TO MAIL TO:**
    Office of the United States Trustee
    Charles O. Zebley, Jr., Esq., Chapter 7 Trustee
    Frank Kosir, Jr., Esq., Counsel to First Horizon Home Loans
    Faith A. Burns, Esq., Counsel to Debtors
    Robert A. Ong and Donna L. Ong, Debtors